2011 UT App 381

**In the matter of the adoption of R.D.R., a minor.**

**E.R.G., Appellant,**

v.

**M.W.J. and T.J.J., Appellees.**

**No. 20110735–CA.**

Court of Appeals of Utah.

Nov. 3, 2011.

---

Steven Kuhnhausen, Salt Lake City, for Appellant.

Happy Morgan, Moab, for Appellees.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges ORME, THORNE, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Putative Father E.R.G.'s appeal arises from an adoption proceeding involving a child who had been adjudicated to be within juvenile court jurisdiction as an abused, neglected, or dependent child. *See* Utah Code Ann. § 78A–6–103(1)(c) (Supp.2011). R.D.R. was removed from his mother's custody by the Division of Child and Family Services shortly after birth and was placed in DCFS custody following an adjudication. R.D.R. was placed by DCFS in the home of M.W.J. and T.J.J. (Adoptive Parents) on June 7, 2010. On January 4, 2011, E.R.G. and R.D.R.'s mother caused R.D.R.'s birth certificate to be amended to add E.R.G. as the biological father. The mother relinquished her parental rights in the juvenile court on January 18, 2011. The State of Utah stipulated to the dismissal of the petition to terminate E.R.G.'s parental rights when Adoptive Parents filed an adoption petition.

¶ 2 Because the adoption decree was a final determination of the adoption petition, it was a final judgment, and E.R.G. has standing to appeal any interlocutory order leading up to the judgment, as well as the judgment itself. *See In re Adoption of B.B.*, 2004 UT 39, ¶ 8, 94 P.3d 252 (stating that a final order ends the juvenile proceeding begun by an adoption petition and is a final factual determination of the underlying petition). Therefore, we have jurisdiction to consider the appeal.

¶ 3 E.R.G. makes two claims of error on appeal. First, he contends that the notice of adoption proceedings served on him was defective. Second, he contends that the juvenile court lacked subject matter jurisdiction over the adoption petition because it did not first terminate his parental rights. E.R.G. does not challenge the juvenile court's determinations that he did not timely move to intervene in the adoption proceedings or that he did not comply with adoption statutes regarding unmarried biological fathers.

¶ 4 Contrary to Adoptive Parents' claim that E.R.G. was not entitled to notice of the adoption proceeding, Utah Code section 78B–6–110(2)(f) requires notice to be served on "any person who, prior to the time the mother executes her consent for adoption or relinquishes the child for adoption, is recorded on the birth certificate as the child's father, with the knowledge and consent of the mother." Utah Code Ann. § 78B–6–110(2)(f) (Supp. 2011). Because the mother added E.R.G. to the birth certificate prior to her relinquishment of parental rights, service of notice of the adoption proceedings on E.R.G. was required by the statute. E.R.G. claimed that the notice of adoption proceedings was defective because it directed him to the Seventh District Court, rather than the Seventh District Juvenile Court, to obtain a copy of the adoption petition. The notice listed the juvenile court in its caption. Adoptive Parents and the Guardian Ad Litem claim that any defect was harmless because the courts and their records were located in the same location and the court offices were staffed by the same counter clerks. The juvenile court found that the notice "was consistent with

the statutory requirements of Utah Code Annotated Section 78B–[6]–110(6)," which mandate that notice shall be served at least thirty days prior to a final dispositional hearing and shall specifically state that the person served must respond to the petition within thirty days "if he intends to intervene in or contest the adoption" and shall state the consequences of failing to seek relief within thirty days. *See id.* § 78B–6–110(5). The notice is "not required to include, nor be accompanied by, a summons or a copy of the petition for adoption," *id.* § 78B–6–110(5)(e), but "shall state where the person may obtain a copy of the petition for adoption," *id.* § 78B–6–110(5)(f). E.R.G. was served with a correctly captioned notice complying with all requirements but incorrectly directing E.R.G. to the district court to obtain a copy of the petition. Nevertheless, E.R.G. has not demonstrated that he was prevented from obtaining a copy of the adoption petition or was otherwise prejudiced by the error.

■ ¶5 E.R.G. challenges the juvenile court's subject matter jurisdiction to consider the adoption petition. Utah Code section 78A–6–103(1)(p) states that the juvenile court has jurisdiction over adoptions "when the juvenile court has previously entered an order terminating the rights of a parent and finds that adoption is in the best interest of the child." Utah Code Ann. § 78A–6–103(1)(p) (Supp.2011); *see also B.B.,* 2004 UT 39, ¶14, 94 P.3d 252 (stating that at the point the juvenile court terminated parental rights, it continued to have exclusive original jurisdiction over B.B.). R.D.R. was within the juvenile court's jurisdiction as a result of the proceedings in which the child had been adjudicated as dependent, neglected, or abused, which proceedings were continued when the biological mother relinquished her parental rights. This necessarily resulted in the termination of her parental rights by the juvenile court. Because R.D.R. was within the juvenile court's jurisdiction when the juvenile court terminated his mother's parental rights, the juvenile court had subject matter jurisdiction to determine the adoption petition.

¶6 The juvenile court found that E.R.G. did not timely move to intervene in the adoption proceedings after being served with no-

tice. Nowhere in his petition on appeal does E.R.G. challenge this finding or claim that his "objection" was a motion to intervene. Utah Code section 78B–6–110(6)(a)(i) requires "a person who has been served with notice of an adoption proceeding and who wishes to contest the adoption [to] file a motion to intervene in the adoption proceedings ... within 30 days after the day on which the person was served with notice of the adoption proceeding." Utah Code Ann. § 78B–6–110(6)(a)(i). The motion shall set forth the specific relief sought and be accompanied by a memorandum specifying the factual and legal grounds for the motion. *See id.* Utah Code section 78B–6–110(6)(b) states,

> (b) A person who fails to fully and strictly comply with all of the requirements described in subsection (6)(a) within 30 days after the day on which the person was served with notice of the adoption proceeding:
>
> (i) waives any right to further notice in connection with the adoption;
>
> (ii) forfeits all rights in relation to the adoptee; and
>
> (iii) is barred from thereafter bringing or maintaining any action to assert any interest in the adoptee.

*Id.* § 78B–6–110(6)(b).

¶7 The juvenile court did not err in determining that E.R.G. failed to respond to the notice of adoption within thirty days after service by filing a motion to intervene and therefore waived any right to further notice, forfeited all rights to the adoptee, and was barred from bringing any action asserting an interest in the adoptee. Furthermore, E.R.G. did not challenge this determination on appeal.

¶8 We affirm the pretrial orders and adoption decree. We deny Adoptive Parents' request for an award of attorney fees based on a claim that the appeal was frivolous. *See* Utah R.App. P. 33.

¶9 I DISSENT: WILLIAM A. THORNE JR., Judge.